IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RILEY BANKS, :
:
    Petitioner, : CIVIL ACTION NO. 18-90
:
v. :
:
MICHAEL CLARK, THE DISTRICT :
ATTORNEY OF THE COUNTY OF :
PHILADELPHIA, and THE ATTORNEY :
GENERAL OF THE STATE OF :
PENNSYLVANIA, :
:
    Respondents. :

## ORDER

**AND NOW**, this 10th day of May, 2018, after considering the petition for a writ of habeas corpus filed by the *pro se* petitioner, Riley Banks (Doc. No. 1), the report and recommendation filed by the Honorable Timothy R. Rice on January 31, 2018 (Doc. No. 3), and the objections to the report and recommendation timely filed by the petitioner on April 7, 2018 (Doc. No. 7),[1] it is hereby **ORDERED** as follows:

    1.    The clerk of court is **DIRECTED** to remove this action from civil suspense and return it to the court's active docket;

    2.    The petitioner's objections to the report and recommendations (Doc. No. 7) are **OVERRULED**;[2]

    3.    The Honorable Timothy R. Rice's report and recommendation (Doc. No. 3) is **APPROVED** and **ADOPTED**;

    4.    The petitioner's petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**;

    5.    The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(3);[3] and

6. The clerk of court shall mark the case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the clerk of court did not docket the petitioner's objections under April 16, 2018, the petitioner included a proof of service indicating that he served the objections on April 7, 2018. The court has used this latter date in finding that the petitioner timely filed the objections to the report and recommendations.

[2] The court conducts a *de novo* review and determination of the portions of the report and recommendation ("R&R") by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

In Magistrate Judge Rice's R&R, he recommends that the court dismiss the instant habeas petition because the petitioner's claims are untimely, procedurally defaulted, or non-cognizable. *See* R&R at 1, Doc. No. 3. More specifically, Judge Rice noted that the petitioner filed the instant petition well beyond the one-year period for him to file it after his judgment of sentence became final. *See id.* at 2-3. Judge Rice noted that although the petitioner's timely filed petition under Pennsylvania's Post Conviction Relief Act ("PCRA") tolled the time to file a section 2254 petition, on November 21, 2012, the Supreme Court of Pennsylvania denied a petition for allowance of appeal relating to the petitioner's appeal from the trial court's denial of his PCRA petition and the time for him to file the instant habeas petitioner expired by June 7, 2013. *Id.* at 3. The petitioner did not file the instant petition until more than four years after the time for him to file the habeas petition expired. *Id.* Judge Rice also pointed out that the petitioner's filing of a second PCRA petition, which the state courts determined was untimely filed, did not toll the time to file the instant petition as he is bound by the state courts' timeliness determination. *Id.*

Judge Rice also rejected the petitioner's argument (which he construed liberally) that the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) and the Supreme Court of Pennsylvania's decisions in *Commonwealth v. Neiman*, 84 A.3d 603 (2013) and *Commonwealth v. Muniz*, 164 A.3d 1189 (2017) warranted an alternative start date under 28 U.S.C. § 2244(d)(1)(C) or (D). *Id.* at 3-6. With respect to *Alleyne*, Judge Rice noted that the Supreme Court decided the case in 2013 and, even if he established an alternative start date because of *Alleyne*, the petitioner missed the deadline for filing the instant petition by more than four years. *Id.* at 4. As for *Neiman* and *Muniz*, Judge Rice explained that *Neiman* cannot create a cognizable federal claim because it was decided on only state law grounds. *Id.* at 5. In addition, the petitioner failed to explain why he waited four years after the Supreme Court of Pennsylvania decided *Nieman* before filing the instant petition. *Id.* As for *Muniz*, Judge Rice pointed out that even though the Supreme Court of Pennsylvania decided the case on federal and state grounds, even if the petitioner's limitation period restarted at the time of the decision in July 2017, the petitioner never raised a claim under *Muniz* in state court (such as by filing a third PCRA petition) and now no longer has the ability to do so. *Id.* Thus, Judge Rice concluded that the petitioner's claims based on *Muniz* are procedurally defaulted and the petitioner failed to demonstrate any legitimate cause for the default or a fundamental miscarriage of justice based on the court being unable to review the claim. *Id.*

Judge Rice further determined that the petitioner was not entitled to equitable tolling because he failed to explain why he waited years to file the instant petition and did not allege that any extraordinary circumstances prevented him from filing the petition. *Id.* at 6. Finally, Judge Rice concluded that the petitioner did not satisfy the fundamental miscarriage of justice exception to the one-year limitations period because he was not challenging his conviction or alleging actual innocence. *Id.*

In the objections to the R&R, the petitioner appears to argue that the PCRA cannot bar his ability to file the instant petition because it improperly infringes upon his constitutional right to seek habeas corpus relief. *See* Pl.'s Notice of Obj. to the R&R at 1-3. He also claims that he "is entitled to a modification of sentence because the statutes applied to him at his initial sentencing have been deemed unconstitutional and void i.e. (Megan's Law I, II,

III)." *Id.* at 4. With respect to this argument, he appears to claim that he is entitled to relief under *Muniz*. *Id.* at 5-6. For his final argument, the petitioner claims that he filed an untimely habeas petition here because "there was the issue with the disposing of his second P.C.R.A. petition while the petition was being reviewed the petition was amended to include the claim of mandatory sentences being applied to the petitioner and the statute that was used against the petition being deemed unconstitutional." *Id.* at 6. The petitioner also requests that the court grant him a certificate of appealability. *Id.* at 6.

Unfortunately for the petitioner, none of the aforementioned objections adequately address the issues raised by Judge Rice in the R&R for the following reasons: First, the petitioner did not raise a constitutional challenge to the PCRA or his excuse about his second PCRA somehow interfering with his ability to file the instant habeas action with Judge Rice and he cannot raise it now for the first time. *See Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002) (citing *Laborers' Int'l Union of N.A. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)). Even if he had not waived these arguments, the petitioner fails to competently explain how the PCRA interferes with his ability to timely file a federal habeas petition or how the filing and processing of his untimely second PCRA petition interfered with his ability to file a habeas petition in this case (and, as Judge Rice noted, he could have filed the habeas petition here and asked the court to stay and abey it pending the outcome of the second PCRA petition).

As for his second argument indicating that he is entitled to a modification of his sentence in light of *Muniz*, this argument again does not apply to (1) whether he filed the instant petition within the one-year limitations period, (2) whether he was entitled to statutory or equitable tolling, (3) whether he satisfies the fundamental miscarriage of justice exception, and (4) whether he is procedurally defaulted from bringing such a claim in light of his failure to timely file a PCRA petition after the Supreme Court of Pennsylvania decided *Muniz*. The court also notes that to the extent that the petitioner asserts that his claims under *Muniz* are not procedurally defaulted because he amended his second petition to include arguments that the mandatory sentences and statute used to sentence the petitioner were deemed unconstitutional, this is also unpersuasive because (1) *Muniz* was decided after the state trial court dismissed the second PCRA, *compare Commonwealth v. Banks*, No. 1527 EDA 2016, 2017 WL 1014509 (Pa. Super. Mar. 15, 2017) (discussing procedural history of the state court action), *with Muniz*, 164 A.3d 1189 (Pa. 2017) (indicating that Court rendered decision on July 19, 2017), and (2) it does not alter the finding that the instant habeas petition is untimely.

At bottom, the court finds that Judge Rice's R&R appropriately addresses the issues related to the timeliness of the instant habeas petition and the petitioner's objections do not competently raise claims that would cause the court not to adopt Judge Rice's R&R. Accordingly, the court will overrule the objections.

[3] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining requirements for obtaining a certificate of appealability under section 2253(c)(2)).